# UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND (Greenbelt Division)

| | |
|---|---|
| RICARDO J. ZAYAS, RECEIVER AND AUTHORIZED AGENT FOR: | ) ) )  CASE NO. _____ |
| SUMMIT TRUST CO., | ) ) |
| THE RUDASILL FAMILY CHARITABLE REMAINDER) ANNUITY TRUST | ) ) ) |
| THE BELLAVIA FAMILY TRUST | ) ) |
| *190 Bethlehem Pike*<br>*Colman, PA 18915* | ) ) ) |
| **Plaintiffs,** | )  JUDGE _____ ) |
| v. | ) ) |
| ADCOR INDUSTRIES, INC.<br>*234 S. Haven St.*<br>*Baltimore, MD  21224* | ) ) ) ) ) |
| ADCOR PACKAGING GROUP, INC.<br>*234 S. Haven St.*<br>*Baltimore, MD  21224* | ) ) ) ) |
| **Defendants** | ) |

## COMPLAINT

COME NOW, this _____ day of September, 2016, the Plaintiffs, by and through their undersigned counsel William F. Askinazi, Esq. of Askinazi Law and Business, LLC and Joseph O'Neil, Jr. of Montgomery, McCracken, Walker & Rhoads, LLP (*pro hac vice* admission to be requested) to respectfully file this Complaint against the named Defendants as follows:

## PARTIES

1. Plaintiff Ricardo J. Zayas, (the "Receiver," and collectively with the Defendants (defined herein), the "Parties") is the court appointed receiver for Summit Trust Company ("STC") pursuant to an order ("Order") of the United States District Court for the Eastern District of Pennsylvania entered on November 25, 2015. At all relevant times, STC maintained and currently maintains a principal place of business at 190 Bethlehem Pike, Colmar, Pennsylvania and is a resident of Pennsylvania.

2. The Receiver is an authorized agent for non-Maryland entity plaintiffs The Rudasill Family Charitable Remainder Annuity Trust (the "RFCRAT") and the Bellavia Family Trust (the "BFT," and together with the RFCRAT and STC, the "Plaintiffs"). The Receiver has been authorized to commence and maintain this action on behalf of all Plaintiffs.

3. Defendant Adcor Industries, Inc. ("Adcor") is a Maryland corporation that manufactures, assembles and supplies precision machine components, aerospace, telecommunications and weapons systems applications. At all relevant times Adcor maintained and currently maintains a principal place of business at 234 S. Haven St., Baltimore, MD 21224.

4. Defendant Adcor Packaging Group, Inc. ("Adcor Packaging," and collectively with Adcor, the "Defendants") is a Maryland corporation and at all relevant times maintained and currently maintains a principal place of business at 234 S. Haven St., Baltimore, MD 21224.

## JURISDICTION AND VENUE

5. Jurisdiction of this court arises under 28 U.S.C. §§ 1332 and 1367(a) as the amount in controversy exceeds $75,000, the parties are diverse, and supplemental jurisdiction concerning any state law claims is appropriate.

6. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) as the cause of action arose in Maryland as the Defendants solicited business from the Plaintiffs within Maryland and the relevant material transactions at issue occurred in Maryland.

7. Venue of this action is proper within this court as at least one named Defendant is subject to suit within this court.

## MATERIAL FACTS COMMON TO ALL COUNTS

8. In or about December of 2011 the Defendants solicited certain commercial loans from the Plaintiffs. Plaintiffs, by and through their qualified agents thereafter agreed to make certain commercial loans to the Defendants. The terms and conditions of these loans were set forth in certain exchanges of documents by and between the Plaintiffs and Defendants (collectively the "Loan Agreements" annexed hereto at Exhibit "A").

9. Pursuant to the Parties' understanding and agreement as set forth in the Loan Agreements, on or after December 2011, the Parties negotiated and agreed to a series of loans from the Plaintiffs to the Defendants wherein the Plaintiffs agreed to lend tranches of funds to Defendants for the Defendants' commercial benefit (each a "Loan Tranche").

10. On or about February 29, 2012, the RFCRAT funded a Loan Tranche (under the auspices of STC) of $145,292.40 by wire transfer to the Defendants per their instructions. See redacted portions of STC bank statement, annexed at Exhibit "B."

11. On or about March 9, 2012, the BFT funded a Loan Tranche (under the auspices of STC) of $172,800 by wire transfer to the Defendants per their instructions. See redacted portions of STC bank statement annexed at Exhibit "C."

12. On or about March 7, 2012, STC funded a Loan Tranche in the amount of $200,000 by wire transfer to the Defendants per their instructions. See STC wire confirmation annexed at Exhibit "D."

13. The Defendants received each Loan Tranche for a total amount of $518,092.40 (collectively the "Loans").

14. With respect to the Loans, the Parties exchanged multiple written correspondences on the terms and conditions of the loans. The Defendants induced the Plaintiffs to make the loans by providing, among other things, financial information, balance sheets and financial statements as well as funding requests for the Loans. See Exhibit "A"; see also correspondence and financial information annexed at Exhibit "E."

15. To further induce the Plaintiffs to make the Loans, defendant Adcor granted the Plaintiffs security interests in and to, among other things, its patent portfolio (collectively, the "Collateral").

16. The Plaintiffs duly perfected these security interests by filing three UCC-1 statements (one each for STC, RFCRAT and BFT, respectively, and collectively the "UCC-1's" annexed at Exhibit "F") with the Maryland Department of Assessments and Taxation on May 10, 2012.

17.     To further induce the Plaintiffs to make the Loans, the Defendants offered certain personal assets of the Defendant's owner to guarantee repayment of the loans. See Exhibits "A" and "E."

18.     Contrary to multiple representations made by the Defendants, they failed and refused to complete the process of documenting the Loans and ceased to communicate with the Plaintiffs or its agents once the Loans were funded despite repeated written demands by Plaintiffs to so. See Exhibit "A" and demand letters annexed at Exhibit "G." Additional loans were contemplated from the Plaintiffs to the Defendants, but did not occur due to the Defendants repeated failures to communicate with Plaintiffs and adequately document the Loans.

19.     The Defendants thereafter failed and refused to repay the Loans or any portions thereof, despite Plaintiffs' repeated written demands to do so. See Exhibit "G."

20.     By letter dated December 1, 2014, the Defendant's legal counsel at the time acknowledged the existence of the Loans as well as the Defendants' received of the proceeds of the loans wherein he stated:

> ". . . Summit may have transferred sums to AI (Adcor) but apparently these were funds were [Sic] deposited in good faith to assure AI and M&T that Summit was indeed funding AI's request for $3.5M and the additional funding needs of AI."

See correspondence annexed at Exhibit "H."

21.     Without the consent of or agreement with any of the Plaintiffs, on or about June 18, 2013 at 11:08 a.m. the Defendants and/or their agents and/or representatives unilaterally filed termination statements with respect to the Plaintiffs' UCC-1's (the "Termination Statements," annexed at Exhibit "I"). Plaintiffs had no knowledge of this

and there were no communications, written or otherwise from any of the Plaintiffs authorizing the Defendants' to file the Termination Statements.

22. At no time did the Defendants provide copies of the acknowledged Termination Statements to the Plaintiffs. Rather, Defendants intentionally and knowingly diverted all such acknowledgement copies of the Termination Statements directly to the attention of the Defendants' principal and owner, Jimmy Stavrakis at Defendants' address of 234 S. Haven St., Baltimore, MD 21224. The Defendants nevertheless continued to communicate with Plaintiffs with respect to Loans without disclosing that they had filed the Termination Statements.

23. The Plaintiffs did not know or reasonably could have known, nor had reason to believe or otherwise discover that the Defendants attempted to terminate their security interests by filing the Termination Statements until about May, 2016 when the Receiver initiated investigation and collection efforts with respect to the Loans on behalf of the Plaintiffs, consistent with his duty to marshal STC's assets as set forth in the Order.

24. Defendants have therefore received the benefit of the Loans in the initial amount of no less than $518,092.40 (plus accrued and accruing interest, fees and costs) while at the same time refusing to repay any portion of the Loans to the Plaintiffs. Defendants have also attempted to deprive the Plaintiffs of their security interests with respect the Loans by unilaterally and without Plaintiffs' authorization filing the Termination Statements.

25. The current balance of Loans, including interest, is no less than $859,783.71.

## COUNT I

### MONEY JUDGMENT, DECLARATORY RELIEF

26.     The Plaintiffs incorporate paragraphs 1-25 as if set forth in full.

27.     The Defendants' unilateral and unauthorized filings of the Termination Statements were material, intentional, willful, unlawful, fraudulent acts, omissions and misrepresentations that caused injury to the Plaintiffs.

28.     The Defendants' communications with the Plaintiffs regarding the Loans or their repayment subsequent to the filing of the Termination Statements were material, intentional, willful, unlawful, fraudulent acts, omissions and misrepresentations intended to conceal the truth regarding the Defendants' intended destruction of the Plaintiffs' security interests in the Collateral as well as the status of the Loans.

29.     The Defendants' material, intentional, willful, unlawful, fraudulent acts, omissions and misrepresentations were malicious in that they were intended to and did conceal material facts.  Had the Plaintiffs known or been made aware of these facts, they could have taken some action to address the situation at the time the Termination Statements were filed in 2013.  The Defendants' continued concealment of the Termination Statements from the Plaintiffs has caused extreme prejudice the Plaintiffs' rights to enforce all available remedies to the Plaintiffs.

30.     As a direct and proximate cause of the Defendants' material, malicious, intentional, willful, unlawful, fraudulent acts, omissions and misrepresentations the Plaintiffs have suffered damages due to: (a) the loss of their Collateral; and (b) prejudice to their rights to enforce all available remedies at law.

WHEREFORE, the Plaintiffs seek entry of a judgment against the Defendants: (a) in the amount of $859,283.71 (plus accrued and accruing interest, fees and costs); (b) declaring that the Termination Statements are null, void and of no force or effect; (c) declaring that any and all statutes of limitations for all causes of action available to the Plaintiffs are tolled until such time as the court directs; and (d) for such other and further relief as the court deems proper.

## COUNT II

### UNJUST ENRICHMENT

31.     The Plaintiffs incorporate paragraphs 1-30 as if set forth in full.

32.     The Plaintiffs entered into a binding agreement with the Defendants to provide the Loans to the Defendants and the Defendants agreed to repay the Loans, with interest as set forth in the Loan Documents.

33.     The Defendants thereafter failed and refused to repay the Loans or any portions thereof, despite Plaintiffs' repeated written demands to do so.

34.     The Defendants, having received the Loans and kept the proceeds of the Loans for their benefit have been unjustly enriched at the expense of the Plaintiffs, and allowing Defendants to retain the proceeds of the Loans is contrary to the rules of equity.

WHEREFORE, the Plaintiffs seek entry of a judgment against the Defendants: (a) for restitution in the aggregate value of the Loans in an amount of no less than $859,283.71 (plus accrued and accruing interest, fees and costs); and (b) for such other and further relief as the court deems proper.

## COUNT III

## CIVIL CONSPIRACY

35. The Plaintiffs incorporate paragraphs 1-34 as if set forth in full.

36. In connection with the Loans and the representations made to the Plaintiffs by the Defendants in order obtain each Loan Tranche from the Plaintiffs, the Defendants agreed and conspired amongst themselves by and through their owner and agents to accomplish multiple unlawful acts to, among other things, (a) obtain the Loans; (b) avoid repayment of the Loans; and (c) file the Termination Statements and conceal them from the Plaintiffs.

37. To further this conspiracy, the Defendants engaged in a series of material, malicious, intentional, willful, unlawful, fraudulent acts, omissions and misrepresentations in order to defraud the Plaintiffs.

38. The Defendants' conspiracy has caused the Plaintiffs to suffer damages.

WHEREFORE, the Plaintiffs seek entry of a judgment against the Defendants: (a) in the amount of $859,283.71 (plus accrued and accruing interest, fees and costs); (b) declaring that the Termination Statements are null, void and of no force or effect; and (c) for such other and further relief as the court deems proper.

## COUNT IV

## BREACH OF DUTIES: CARE, GOOD FAITH AND FAIR DEALING, DECLARATORY RELIEF

39. The Plaintiffs incorporate paragraphs 1-38 as if set forth in full.

40. By reason of their commercial financial dealings and agreements with the Plaintiffs, the Defendants owed the Plaintiffs the duties of care, good faith and fair dealing.

41. The Defendants' above described: (a) material, malicious, intentional, willful, unlawful, fraudulent acts, omissions and misrepresentations; (b) unilateral and unauthorized filing of the Termination Statements; and (c) miscommunications with the Plaintiffs with regard to the Loans and their repayment were intentional and/or negligent misrepresentations that constitute a breach of these duties by the Defendants causing Plaintiffs economic loss as well as prejudice to their rights to enforce all available remedies at law.

WHEREFORE, the Plaintiffs seek entry of a judgment against the Defendants: (a) in the amount of $859,283.71 (plus accrued and accruing interest, fees and costs); (b) declaring that the Termination Statements are null, void and of no force or effect; (c) declaring that any and all statutes of limitations for all causes of action available to the Plaintiffs are tolled until such time as the court directs; and (d) for such other and further relief as the court deems proper.

## COUNT V

## BREACH OF CONTRACT

42. The Plaintiffs incorporate paragraphs 1-41 as if set forth in full.

43. The Plaintiffs entered into a binding agreement with the Defendants to provide the Loans to the Defendants and the Defendants agreed to repay the Loans, with interest as set forth in the Loan Documents.

44. The Defendants received the Loans and kept the proceeds of the Loans for their benefit.

45. The Defendants thereafter failed and refused to repay the Loans or any portions thereof, despite: (a) Defendants agreement to do so; and (b) Plaintiffs' repeated written demands for repayment.

46. The Defendants' defaults and refusal to repay the Loans despite due demand constitute a breach of the Loan Documents.

WHEREFORE, the Plaintiffs seek entry of a judgment against the Defendants: (a) in the amount of $859,283.71 (plus accrued and accruing interest, fees and costs); and (b) for such other and further relief as the court deems proper.

## COUNT VI

## THEFT AND/OR CONVERSION

47. The Plaintiffs incorporate paragraphs 1-46 as if set forth in full.

48. The Plaintiffs entered into a binding agreement with the Defendants to provide the Loans to the Defendants and the Defendants agreed to repay the Loans, with interest as set forth in the Loan Documents.

49. The Plaintiffs advanced the loans based upon Defendants' material, malicious, intentional, willful, unlawful, fraudulent acts, omissions and misrepresentations, and the Defendants have received the Plaintiffs' monies under false pretenses and have converted and retained the proceeds of the Loans for their own exclusive benefit.

50. By reason of the foregoing, the Defendants' actions constitute theft and/or conversion of the proceeds of the Loans.

51. As a direct and proximate cause of the Defendants' theft and conversion of the proceeds of the Loans to their exclusive use, the Plaintiffs have suffered damages.

WHEREFORE, the Plaintiffs seek entry of a judgment against the Defendants: (a) in the amount of $859,283.71 (plus accrued and accruing interest, fees and costs); and (b) for such other and further relief as the Court deems proper.

**WAIVER OF JURY TRIAL**

Plaintiffs hereby waive their right to trial by jury and request a bench trial in this matter on all issues.

Respectfully Submitted,

Askinazi Law & Business, LLC


By: _____
William F. Askinazi
12054 Palatine Ct.
Patomac, MD  20854
301-540-5380
USDC Bar #: 12522

And

Montgomery McCracken Walker & Rhoads LLP
Joseph O'Neil, Jr. (*pro hac vice* admission to be requested)
1235 Westlakes Drive, Suite 200
Berwyn, PA  19312
610-889-2232
PA Bar #: 207872

*Attorneys for the Plaintiffs*