# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| RICARDO J. ZAYAS, RECEIVER AND AUTHORIZED AGENT FOR: | ) ) ) |
| SUMMIT TRUST CO., | ) ) |
| RUDASILL FAMILY CHARITABLE REMAINDER) ANNUITY TRUST | ) ) ) |
| THE BELLAVIA FAMILY TRUST | ) ) |
| **Plaintiffs,** | ) )     CASE NO.8-16-cv-03193-GJH |
| v. | ) ) |
| ADCOR INDUSTRIES, INC. | ) ) |
| ADCOR PACKAGING GROUP, INC. | ) ) |
| **Defendants** | ) |

**MEMORANDUM IN SUPPORT OF DEFENDANT ADCOR INDUSTRIES, INC.'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT**

### Introduction

In February and March of 2012, Summit Trust Company, the Rudasill Family Charitable Remainder Annuity Trust, and the Bellavia Family Trust (collectively, "Plaintiffs") allegedly entered into loan agreements with Defendant, Adcor Industries, Inc. On May 10, 2012, Plaintiffs each executed separate UCC-1 statements (collectively, the "UCC-1 statements") with the Maryland Department of Assessments and Taxation ("SDAT"). These UCC-1 statements supposedly perfected Plaintiffs' security interests in Adcor Industries, Inc.'s ("Adcor") intellectual

1

property, including its patent portfolio, based on alleged payments made from Plaintiffs to Adcor.[1] On June 18, 2013, termination statements with respect to the three UCC-1 statements were filed. Plaintiffs[2] now bring this claim against Adcor in excess of three years after the alleged payments and over three years after the termination statements were filed with the Maryland State Department of Assessments and Taxation.

As a matter of law, Plaintiff's Complaint should be dismissed or, in the alternative, summary judgment should be granted in favor of Adcor Industries, Inc. ("Adcor"), as Plaintiffs filed the instant suit outside the relevant statute of limitations period, failed to plead sufficient facts or grounds for relief, failed to bring recognized causes of action, are not real parties in interest, do not have standing to bring this action, and are barred by Maryland law from bringing this action.

**Standard of Review**

A.   **A motion to dismiss should be granted where the plaintiff fails to state a claim upon which relief can be granted.**

Pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6), a Court may dismiss a complaint for failure to state a claim upon which relief can be granted. Dismissal of all or part of a complaint is appropriate under Rule 12(b)(6) when "the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957). A plaintiff need not allege detailed facts or evidence in a complaint, but a plaintiff must do more than allege bald conclusions of law cast as allegations of fact or unsupported inferences based on

---

[1] On or about February 29, 2012, The Rudasill Family Charitable Remainder Annuity Trust allegedly transferred $145,292.40 to Adcor. On or about March 9, 2012, the Bellavia Family Trust allegedly transferred $172,800 to Adcor. On or about March 7, 2012, Summit Trust Company allegedly transferred $200,000 to Adcor.

[2] It is not clear who the intended plaintiff or plaintiffs are, as the Complaint is captioned: "Ricardo J. Zayas, Receiver and Authorized Agent for: Summit Trust Co., The Rudasill Family Charitable Remainder Annuity Trust[, and] The Bellavia Family Trust," which would suggest a single plaintiff (i.e., Ricardo J. Zayas). However, the Complaint contains multiples references to "Plaintiffs," and specifically designates Summit Trust Co., The Rudasill Family Charitable Remainder Annuity Trust, and The Bellavia Family Trust as "Plaintiffs," collectively. Plaintiffs, throughout the Complaint then lump all Plaintiffs and Defendants together to make it impossible to determine which entity is alleged to have taken any specific action in this case.

conclusory assertions of fact or law.  *Bass v. E.I. Dupont De Nemours & Co.,* 324 F.3d 761 (4th Cir. 2003); *Veney v. Wyche,* 293 F.3d 726 (4th Cir. 2002).

In making its determination, the court considers all well-pled allegations in the complaint as true and construes facts and reasonable inferences derived from them in the light most favorable to the plaintiff.  *Ibarra v. United States,* 120 F.3d 472, 473 (4th Cir. 1997).  While notice pleading requires the court to interpret a complaint with generosity, "generosity is not fantasy." *Bender v. Suburban Hosp., Inc.,* 159 F.3d 186 (4th Cir. 1998); *Conron v. Novatec,* 2008 WL 2559386 (D. Md.).  The Court may disregard "legal conclusions . . . unwarranted inferences, unreasonable conclusions, or arguments."  *Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000).

Under Rule 10(c), "A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." Fed. R. Civ. P. 10.  The Court may therefore consider documents attached to the complaint, and those attached to the motion to dismiss if integral to the complaint and authentic.  *Sec'y of State for Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007).  The Court also may take judicial notice of matters of public record.  *Id.*  However, where the allegations in a complaint conflict with the attached documents, the exhibits prevail. *Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1465 (4th Cir. 1991).

    **B.**    **A motion for summary judgment should be granted where there is no genuine issue as to any material fact.**

A motion to dismiss under Rule 12(b)(6) is treated as one for summary judgment where the parties present matters outside of the pleadings and the court considers such matters.  *Paukstis v. Kenwood Golf & Country Club, Inc.,* 241 F. Supp. 2d 551, 556 (D. Md. 2003).  Summary judgment is appropriate under Rule 56 when there is no genuine issue as to any material fact, and the moving party is entitled to judgment in its favor as a matter of law.  A material fact is one that

can affect the legal conclusion at issue. *Hooven-Lewis v. Caldera,* 249 F.3d 259 (4th Cir. 2001); *Thompson Everett, Inc. v. Nat'l Cable Advertising L.P.,* 57 F.3d 1317 (4th Cir. 1995). A genuine dispute of material fact is one as to which the finder of fact, acting rationally and considering the record as a whole, could decide in favor of the party opposing the motion for summary judgment. *See Thompson Everett, Inc.*, 57 F.3d at 1323. "Mere speculation by the non-movant cannot create a genuine issue of material fact." *JFC Holding Co. LLC v. Washington Sports Ventures,* 264 F.3d 459, 465 (4th Cir. 2001).

The summary judgment procedure provides a mechanism for avoiding an unnecessary trial and for eliminating as a matter of law factually unsupported and unsupportable claims. *Thompson v. Aluminum Co. of America,* 276 F.2d 651 (4th Cir. 2002); *Mitchell v. Data General Corp.,* 12 F.3d 1310 (4th Cir. 1993); *McNierney v. McGraw-Hill, Inc.,* 919 F. Supp. 853 (D. Md. 1995) ("[The] function of a motion for summary judgment is to smoke out if there is any case, i.e., any genuine dispute as to any material fact, and, if there is no case, to conserve judicial time and energy by avoiding an unnecessary trial and by providing a speedy and efficient summary disposition.").

When a defendant files an alternative motion to dismiss or for summary judgment in response to the complaint, the plaintiff is on notice that the motion may be treated by the court as one for summary judgment. *Laughlin v. Metropolitan Washington Airports Authority,* 149 F.3d 253 (4th Cir. 1998); *Gay v. Wall*, 761 F.2d 175 (4th Cir. 1985). When the moving party has properly supported a motion for summary judgment and demonstrated that no genuine dispute of material fact exists, the opposing party must posit facts based upon evidentiary material showing that a rational jury, viewing the record as a whole, could find for the opposing party. Fed. R. Civ. P. 56 (e); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574 (1986).

**Argument**

Counts I through VI of Plaintiffs' Complaint should be dismissed because Plaintiffs failed to state any claims upon which relief can be granted. First, the claims in the Complaint are based on an alleged contract between Plaintiffs and Adcor, and those claims are time-barred by the Maryland statute of limitations for civil claims which is apparent from the Complaint. Second, Maryland does not recognize an independent cause of action for "Money Judgment" (Count I) or for breach of the duty of good faith and fair dealing (Count IV). Third, dismissal is appropriate based on Plaintiffs' failure to do more than state bald legal conclusions. Finally, Plaintiffs lack capacity to bring this suit pursuant to Rule 17 of the Federal Rules of Civil Procedure and Md. Code, Corps. & Assocs., § 7-301.

    **A.**     **Plaintiffs' claims are barred by the three-year statute of limitations.**

Maryland Code, Courts & Judicial Proceedings § 5-101 provides: "A civil action at law shall be filed within three years from the date it accrues . . . ." Statutes of limitation are enforced in order "to provide adequate time for a diligent plaintiff to bring a suit as well as to ensure fairness to defendants by encouraging prompt filing of claims." *Hecht v. Resolution Trust Corp.*, 333 Md. 324, 338, 635 A.2d 394 (1994). "If it is apparent from the face of the complaint that the action is barred by the statute of limitations, the complaint fails to state a claim upon which relief can be granted and the statute of limitations can be the grounds for a motion to dismiss." *Doe v. Archdiocese of Washington,* 114 Md. App. 169, 175, 689 A.2d 634 (1997) (*citing G & H Clearing and Landscaping v. Whitworth,* 66 Md. App. 348, 503 A.2d 1379 (1986)).

Based on the Complaint alone, it is apparent that the applicable limitations period has run. Plaintiffs' claims are based on alleged loan payments from 2012 and a UCC-1 termination statement filed on June 18, 2013. Plaintiffs therefore had until 2015 for the underlying breach of

contract claims and, at most, until June 18, 2016 to file the claims regarding the UCC-1 termination statements to fit within the three-year statute of limitations for civil claims in Maryland. Plaintiffs make the strained argument that the UCC-1 termination statement somehow extends the statute of limitations on both the underlying claims from the alleged breach of the loan agreement as well as the sole claim relating to the termination statement itself, but this argument is without merit.

Plaintiffs allege that Adcor filed UCC-1 termination statements without Plaintiffs' knowledge and that the discovery rule for tolling the statute of limitations should therefore somehow apply. The discovery rule states that "a cause of action accrues when a plaintiff *in fact knows or reasonably should know* of the wrong." *Hecht*, 333 Md. at 336 (emphasis added). The notice that a plaintiff must have in order for a cause of action to accrue is defined by the Maryland Court of Appeals as an "express cognition or awareness implied from knowledge of circumstances which ought to have put a person of ordinary prudence on inquiry [thus charging the individual] with notice of all facts which such an investigation would in all probability have disclosed if it had been properly pursued." *Poffenberger v. Risser*, 290 Md. 631, 637, 431 A.2d 677 (1981).

Even if this rule were applied, the filing of a termination statement with the State Department of Assessments and Taxation ("SDAT") put Plaintiffs on notice, and the statute of limitations would still bar any claim brought after June 18, 2016.[3] SDAT filings are public information, accessible through a simple search on the internet. Any statement filed with SDAT

---

[3] Plaintiffs seek to blur the limitations lines on their underlying claims (from the alleged loan agreement in 2012 which limitations would have tolled in 2015) through their use of their UCC-1 argument. Although Plaintiffs' logic is flawed, it certainly indicates knowledge that the statute of limitations has tolled on their claims. Whether a UCC-1 existed or not for any given transaction, it would require a judgment from a court of competent jurisdiction to execute on it on the underlying debt. Plaintiffs had to know about any alleged loan and failure of repayment immediately in 2012. Any action regarding a UCC-1 statement with SDAT would have no impact on the statute of limitations to enforce the original debt. However, Plaintiffs seek to use an arbitrary date where action was taken on a UCC-1 to argue tolling of the statute of limitations for all claims.

6

would therefore put "a person of ordinary prudence" on notice. *Poffenberger*, 290 Md. at 637. Plaintiffs' Complaint should be dismissed for failure to file within the statute of limitations.

      **B.    Maryland does not recognize an independent claim for "Money Damages" (Count One).**

In Count I, Plaintiffs assert a claim for "Money Judgment, Declaratory Relief." This is not a cause of action in Maryland, rather it is a type of relief, and this count should therefore be dismissed for failure to state a claim upon which relief can be granted.

Rule 8 lists the general requirements for a pleading that states a claim for relief. That pleading must contain: "(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8. Count I of Plaintiffs' Complaint entitled "Money Judgment, Declaratory Relief," only contains repeated legal conclusions and demand for relief with no factual basis. Plaintiffs characterize Defendants' actions as "material, intentional, willful, unlawful, fraudulent act, omissions and misrepresentations" four times, but provide no supporting factual allegations.

Also, Plaintiffs concede that the only damages they suffered were "loss of their collateral . . . and [] prejudice to their rights to enforce all available remedies at law." Complaint, ¶ 30. Plaintiffs have no remedy at law as the statute of limitations has already expired on their alleged loan agreement and, therefore, the collateral is immaterial. Plaintiffs seek to use Count I of their Complaint solely to invalidate the applicable statute of limitations for the remainder of the Counts contained within their Complaint. It is noteworthy that it is the flagship Count within the Complaint and is the only Count that is based on an arbitrary filing date with SDAT and seeks no specific damages. The remainder of the Counts focus exclusively on the alleged 2012 loan

agreement and seek monetary damages. Further, the only injury alleged in Count I is that Plaintiffs were somehow precluded from pursuing relief on the original alleged breach of contract. The statute of limitations and Plaintiffs' inaction is what caused any such injury, not any action attributable to Defendant.

Notwithstanding, Count I is not a recognized cause of action in Maryland and Plaintiffs have failed to include "a short and plain statement of the claim showing that the pleader is entitled to relief," as required by Rule 8. Count I should be dismissed on this basis.

    **C.    Maryland does not recognize an independent claim for breach of good faith and fair dealing (Count Four).**

In Count IV, Plaintiffs sued Adcor for breach of the duty of good faith and fair dealing. Maryland law has long recognized that there is an implied covenant of good faith and fair dealing in every contract. *Food Fair Stores, Inc. v. Blumberg,* 234 Md. 521, 200 A.2d 166 (1964). But Maryland law does not recognize an independent cause of action based upon a breach of the duty of good faith and fair dealing. The Court of Special Appeals has recognized this, as have numerous decisions of the United States District Court. *Mount Vernon Properties, LLC v. Branch Banking & Trust Co.,* 170 Md. App. 457, 461, 907 A.2d 373 (2006) ("We shall, however, affirm the judgment of the circuit court on the count alleging breach of the duty of good faith and fair dealing because no such independent cause of action exists in Maryland."); *Capital Source Finance LLC v. Pittsfield Weaving Co., Inc.,* 571 F. Supp. 2d 668 (D. Md. 2006); *Eaglehead Corp. v. Cambridge Capital Group, Inc.,* 170 F. Supp. 2d 552 (D. Md. 2001); *Froelich v. Erickson,* 96 F. Supp. 2d 507 (D. Md. 2000). Count IV of the Complaint has no sanction under Maryland law and should properly be dismissed.

**D.     Plaintiffs' remaining claims do not contain facts sufficient to support the bald legal conclusions set forth in the Complaint.**

### i.     Count Two: Unjust Enrichment

A claim of unjust enrichment is established when: "(1) the plaintiff confers a benefit upon the defendant; (2) the defendant knows or appreciates the benefit; and (3) the defendant's acceptance or retention of the benefit under the circumstances is such that it would be inequitable to allow the defendant to retain the benefit without the paying of value in return." *Benson v. State*, 389 Md. 615, 651-652, 887 A.2d 525 (2005).  In Count II, Plaintiffs set forth a claim of unjust enrichment, but fail to sufficiently establish that claim.

As previously mentioned, a party cannot merely provide bald legal conclusions or "a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Count II of the Complaint reads:

> The Plaintiffs entered into a binding agreement with the Defendants to provide the Loans to the Defendants and the Defendants agreed to repay the Loans, with interest as set forth in the Loan Documents.  The Defendants thereafter failed and refused to repay the Loans or any portions thereof, despite Plaintiffs' repeated written demands to do so.  The Defendants, having received the Loans and kept the proceeds of the Loans for their benefit have been unjustly enriched at the expense of the Plaintiffs, and allowing Defendants to retain the proceeds of the Loans is contrary to the rules of equity.

Complaint, ¶ 32-34.  Count II should be dismissed for two reasons.  First, Plaintiffs merely provide vague factual allegations and legal conclusions, both of which are insufficient to support a claim for unjust enrichment.  Second, as discussed in Part iii, *infra*, the alleged existence of a "binding agreement" is contradicted by the "Loan Documents" and other exhibits attached to the Complaint. "The intentional conferring of a benefit based on a hope, a prayer, an expectation, or a gamble that fails to be realized may constitute an enrichment, but it is not an **UNJUST** enrichment." *Alternatives Unlimited, Inc. v. New Baltimore City Bd. of Sch. Comm'rs*, 155 Md. App. 415, 499,

843 A.2d 252 (2004) (emphasis in original). It is for these reasons that Plaintiffs' claim for unjust enrichment should be dismissed.

### ii. Count Three: Civil Conspiracy

The Court of Appeals has consistently held that civil conspiracy is not an actionable tort. Instead, civil conspiracy is simply a theory of liability, and cannot be independently pled. *Manikhi v. Mass Transit Admin.*, 360 Md. 333, 360 n.6, 758 A.2d 95 (2000) (holding that '[i]t was improper pleading to allege . . . conspiracy in separate counts of the amended complaint, as if they were cause of action independent of an underlying tort . . . The underlying tort is the cause of action that should be set forth in a separate count"); *see also Allexo Inc. v. The Harry & Jeannette Weinberg Foundation, Inc.*, 340 Md. 176, 189, 665 A.2d 1038 (1995) (holding that "conspiracy is not a separate tort capable of independently sustaining an award of damages").

The purpose of a civil conspiracy claim is not to merely duplicate other claims, but to allow a plaintiff to look beyond the allegedly tortious actor to other conspirators for redress. *Manikhi*, 360 Md. at 340-41. In *Manikhi*, the plaintiff pled a claim based on gender discrimination. *Id.* at 353. The Court of Appeals affirmed the dismissal of the plaintiff's conspiracy claim based on the same alleged conduct and violations. *Id.* at 360. The instant situation is analogous to *Manikhi* and compels the same result. Plaintiffs allege various claims relating to a loan agreement against all Defendants. *See, e.g.*, Complaint, ¶¶ 26-34, 39-51. Plaintiffs also attempt to state an independent claim against all Defendants for civil conspiracy by merely incorporating the same conduct alleged elsewhere in the Complaint. *See id.* at ¶ 36 (civil conspiracy allegations stating that "In connection with the Loans and representations by the Defendants in order to obtain each Loan Tranche from the Plaintiffs, the Defendants agreed and conspired amongst themselves by and through their owner and agents to accomplish multiple unlawful acts to, among other things, (a) obtain the

Loans; (b) avoid repayment of the Loans; and (c) file the Termination Statements and conceal them from the Plaintiffs."). However, like in *Manikhi*, such claims cannot be pled as separate counts. Count III should be dismissed for this reason.

### iii. Count Five: Breach of Contract

In Count V, Plaintiffs allege the existence and breach of a binding agreement between Plaintiffs and Defendants. "It is well-established in Maryland that a complaint alleging a breach of contract 'must of necessity allege with certainty and definiteness *facts* showing a contractual obligation owed by the defendant to the plaintiff and a breach of that obligation by defendant.'" *RRC Ne., LLC v. BAA Md., Inc.*, 413 Md. 638, 655, 994 A.2d 430 (2010) (*quoting Cont'l Masonry Co., Inc. v. Verdel Constr. Co., Inc.*, 279 Md. 476, 480, 369 A.2d 566 (1977)) (emphasis in original). Further, in considering the sufficiency of a complaint, "any ambiguity or uncertainty in the allegations is to be construed against the pleader." *Id.* (internal quotations and citations omitted). The generalized allegations in the Complaint must therefore be construed against Plaintiffs.

Plaintiffs' Complaint alleges the existence of a "binding agreement" with Defendants, but does not allege a single contractual provision or any terms of the purported contract. Plaintiffs refer to a breach of the "Loan Documents," which Plaintiffs attached to their Complaint, but these "Loan Documents" do not amount in any way to a contractual agreement. The Documents consist of: (1) a Letter of Intent from Summit Trust Company to Adcor Industries, Inc., which is signed only by the then president of Summit Trust; (2) a "Memorandum of Understanding," which is unsigned and contains no indication of who authored the document; and (3) two internal Summit Trust memoranda. These one-sided documents do not evidence a mutual agreement between Plaintiffs and Adcor Industries, Inc. One essential element for the formation of a contract is "a

manifestation of agreement or mutual assent by the parties to the terms thereof; in other words, to establish a contract the minds of the parties must be in agreement as to its terms." *Safeway Stores, Inc. v. Altman,* 296 Md. 486, 489, 463 A.2d 829 (1983).   When the allegations in a complaint conflict with the attached documents, the exhibits prevail. *Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1465 (4th Cir. 1991).

The Complaint also does not specify *who* entered into the purported contract, when it was entered into, or how long the agreement was to last. Plaintiffs vaguely refer to "Defendants" throughout the Complaint, referring to Adcor Industries, Inc., and Adcor Packaging Group, Inc.[4] Without the proffered support of the "Loan Documents," Plaintiffs have done no more than set out "skeletal factual allegations accompanied by nothing more than mere conclusions and general averments of a breach of a contractual duty," which the Court of Appeals has explicitly held to be insufficient to establish a breach of contract claim. *Cont'l Masonry Co., Inc.*, 279 Md. at 481.

### iv. Count Six: Theft and/or Conversion

Plaintiffs claim "Theft and/or Conversion" in Count VI of the Complaint. Plaintiffs allege that "Defendants have received the Plaintiffs' monies under false pretenses and have converted and retained the proceeds of the Loans for their own exclusive benefit." Complaint, ¶ 49. This conversion claim fails because money cannot be the subject matter of a conversion cause of action. *See Darcars Motors of Silver Spring, Inc. v. Borzym*, 379 Md. 249, 258-59 n.3, 841 A.2d 828 (2004) ("[A]s a general rule, money, i.e., currency, is not subject to a claim of conversion unless the plaintiff seeks to recover specific segregated or identifiable funds."). Because Plaintiffs claim Adcor converted money but cannot point to any specific segregated or identifiable funds as the subject of the purported conversion, Count VI should be dismissed.

---

[4] Adcor Packaging Group, Inc., is not a legal entity in Maryland.

### E. Summit Trust is not a Real Party in Interest

Rule 17(a) requires that "[e]very action shall be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a). "The effect of this passage is that the action must be brought by the person who, according to the governing substantive law, is entitled to enforce the right." *Wright, Miller & Kane, Federal Practice and Procedure, Vol.* 6A § 1543; *see also LaSalle Bank Nat'l Association v. Lehman Brothers Holdings, Inc.,* 237 F. Supp. 2d 618, 632 (D. Md. 2002) ("The purpose of Rule 17 is to ensure that an action is brought by a person who has the right to enforce the claim according to substantive law."). A motion to dismiss under Rule 12 (b)(6) is an appropriate motion to file to eliminate parties who are plaintiffs but who are not the real party in interest. *Wright, Miller & Kane, Federal Practice and Procedure, Vol.* 6A § 1554.

According to the Complaint and the November 25, 2015 Order of the United States District Court for the Eastern District of Pennsylvania referenced therein, Ricardo J. Zayas is the court appointed receiver for Summit Trust Company. Mr. Zayas, therefore, is the "person who . . . is entitled to enforce the right[s]" claimed in the Complaint. *Wright, Miller & Kane, Federal Practice and Procedure, Vol.* 6A § 1543. This Court should dismiss Summit Trust Company from the case as a separate Plaintiff.

### F. Plaintiffs Failed to Sufficiently Plead an Agency Relationship that would give Ricardo Zayas Standing or Authority to Sue on Behalf of the Rudasill Family Charitable Remainder Annuity Trust and the Bellavia Family Trust

In the Complaint, it is alleged that Mr. Zayas is both the receiver for Summit Trust Company, *and* the agent for both the Rudasill Family Charitable Remainder Annuity Trust and the

Bellavia Family Trust.[5] Any and all explanation of an agency relationship is located in paragraph 2 of the Complaint:

> The Receiver [i.e., Ricardo Zayas] is an authorized agent for non-Maryland entity plaintiffs The Rudasill Family Charitable Remainder Annuity Trust (the "RFCRAT") and the Bellavia Family Trust (the "BFT," and together with the RFCRAT and STC, the "Plaintiffs"). The Receiver has been authorized to commence and maintain this action on behalf of all Plaintiffs.

Complaint, ¶ 2. Plaintiffs offer no more than a bald legal allegation of an agency relationship without a single supporting fact. Such an allegation is insufficient. *See, e.g.*, *Haley v. Corcoran*, 659 F. Supp. 2d 714, 726 (D. Md. 2009) (holding that Plaintiff's complaint did not allege facts sufficient to support an agency relationship where the complaint did not include any "allegations about the basis, nature or extent of the [agency] relationship"). Ricardo Zayas should therefore be dismissed from the Complaint as an agent for the aforementioned Trusts, as should the Trusts that Mr. Zayas purports to be acting for.

### G. Md. Code, Corps. & Assocs., § 7-301 Bars Summit Trust from Bringing Suit in Maryland, and, therefore, Bars Ricardo Zayas from Bringing Suit on Behalf of Summit Trust in Maryland

Under Maryland law, a foreign corporation must register with the State Department of Assessments and Taxation ("SDAT") before doing any interstate or foreign business in Maryland. Md. Code, Corps. & Assocs., § 7-202. If a foreign corporation fails to comply by registering with SDAT, "neither the corporation nor any person claiming under it may maintain a suit in [Maryland] . . . ." Md. Code, Corps. & Assocs., § 7-301.[6] There is no record of Summit Trust Co. having ever

---

[5] It is unclear to Defendant whether these trusts are even in existence. Particularly because these alleged entities are not taking action in their own name or through their trustee, but through an alleged "agent" whose source of authority to bring this action remains cloaked.

[6] There are exceptions to this rule. If the corporation can demonstrate to the court that it has paid the monetary penalty specified under § 7-302 *and* that either "(i) [t]he foreign corporation or a foreign corporation successor to it has complied with the requirements of Subtitle 2 of this title; or (ii) [t]he foreign corporation and any foreign corporation successor to it are no longer doing intrastate, interstate, or foreign business in [Maryland]." Md. Code, Corps. & Assocs., § 7-301. At this point, however, Plaintiffs have not demonstrated any facts that would suggest that these exceptions apply.

filed as a foreign corporation doing business in Maryland. Even though this suit is brought by Ricardo Zayas, as receiver for Summit Trust ("Receiver"), the Receiver only has the authority to bring a suit that the company could bring.

"[U]nder the principles set forth in *Erie Railroad Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), the "door closing" statute of Maryland is applicable in the Federal Courts, where the matter before the Court is a state cause of action." *In re Hallyburton*, 163 B.R. 476, 477 (Bankr. D. Md. 1994) (*citing United Merchs. & Mfrs., Inc. v. David & Dash, Inc.,* 439 F. Supp. 1078, 1086 (D. Md. 1977); *Premier Indus. Corp. v. Nechamkin,* 403 F. Supp. 180 (D. Md. 1975)). Federal subject-matter jurisdiction in this case is solely based on diversity jurisdiction; the causes of action raised by Plaintiffs rest in state (i.e., Maryland) law and the "door closing" statute applies. Because Summit Trust is barred by § 7-301, Ricardo Zayas, as Receiver for Summit Trust, is also barred from bringing this suit, and all of their Counts should be dismissed.

## Conclusion

Plaintiffs' claims should be dismissed with prejudice. The statute of limitations has run on every Count contained within the Complaint. Plaintiffs have failed to demonstrate any legitimate reason why the statute should be tolled in this case. Plaintiffs have also failed to state a claim within any Count of their Complaint. Moreover, Plaintiffs are not proper parties in interest, have no standing or authority to file this action, or are barred from bringing this action as a matter of law. It is for these reasons that Defendant respectfully moves this Honorable Court to dismiss this action with prejudice and for any further relief this Honorable Court deems appropriate.

                                            Respectfully submitted,

                                            ____//s//__Thomas M. Donnelly_____
                                            Thomas M. Donnelly, Bar #26622
                                            Law Offices of Thomas M. Donnelly, LLC
                                            401 E. Pratt Street, Suite 2415

>Baltimore, Maryland 21202
>Phone (410) 528-9200
>Fax (410) 528-9203
>tdonnelly@dmllclaw.com
>
>*Counsel for Defendant Adcor Industries, Inc.*