## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| RICARDO J. ZAYAS, RECEIVER AND AUTHORIZED AGENT FOR: | ) ) ) | |
| SUMMIT TRUST CO., | ) ) | |
| RUDASILL FAMILY CHARITABLE REMAINDER ANNUITY TRUST | ) ) ) | |
| THE BELLAVIA FAMILY TRUST | ) ) | |
| **Plaintiffs,** | ) ) | CASE NO.8-16-cv-03193-GJH |
| v. | ) ) | |
| ADCOR INDUSTRIES, INC. | ) ) | |
| ADCOR PACKAGING GROUP, INC. | ) ) | |
| **Defendants** | ) | |

_____

### DEFENDANT ADCOR INDUSTRIES INC.'S
### REPLY TO PLAINTIFFS' RESPONSE TO MOTION TO DISMISS

COMES NOW, Defendant, Adcor Industries, Inc., by and through its attorneys, Thomas

M. Donnelly, and the Law Offices of Thomas M. Donnelly, pursuant to Local Rule 105, and

submits this Reply to Plaintiffs' Response to Motion to Dismiss and in support thereof states:

### Introduction

Plaintiffs' take great pains to argue the merits of their case in their preliminary statement

and factual background of their Response.  They support their arguments as to their version of the

facts with exhibits that constitute "legal conclusions masquerading as facts,"[1] contradict each

_____

[1] *Oxford Asset Management, Ltd. v. Jaharis*, 297 F.3d 1182, 1187 (11th Cir. 2002).  *See also Papasan v. Allain*, 478 U.S. 265, 286 (1986) ("[W]e are not bound to accept as true a legal conclusion couched as a factual allegation.").

other, contradict their Complaint, and contradict their argument within the Response to the Motion to Dismiss itself.

Plaintiffs also contend that Adcor, in its Motion, set forth numerous defenses "that are wholly without merit"—yet Plaintiffs fail to respond to many of these defenses.  Plaintiffs also argue that the three-year statute of limitations, which expired in June of 2016, does not bar Plaintiffs' claims based upon an affidavit that relies upon bare legal conclusions "masquerading as facts."  Plaintiffs further argue that they sufficiently pleaded the existence and breach of alleged loan agreements.  In support of these arguments, Plaintiffs refer to a series of contradictory exhibits.  Finally, in the original Complaint Plaintiffs included Adcor Packaging Group, Inc.[2] as a named defendant, and continue to do the same, despite the fact that Plaintiffs now only assert reference to alleged loan agreements between Plaintiffs and Adcor Industries, Inc.

**I.      Plaintiffs failed to respond to Adcor's arguments for dismissal of Counts I, III, IV, and VI; these Counts should be dismissed.**

As pointed out in Adcor's Motion to Dismiss, Count I (Money Damages) and Count IV (Breach of Duties: Care, Good Faith and Fair Dealing) of Plaintiffs' Complaint are not recognized as independent legal actions in Maryland.  (Memorandum in Support of Defendant Adcor Industries, Inc.'s Motion to Dismiss, or, in the Alternative, Motion for Summary Judgment ("Adcor Memorandum"), p. 7-8).  Plaintiffs failed to respond to this or attempt to support these claims any further in their Response and Counts I and IV should be dismissed.  Similarly, Plaintiffs failed to respond to Adcor's argument that Counts III (Civil Conspiracy) and VI (Theft and/or Conversion) were insufficiently or improperly pled. (Adcor Memorandum, p. 9-10, 12-13).  These claims should also be dismissed for the reasons stated in Defendant's original Motion to Dismiss.

---

[2] Adcor Packaging Group, Inc., is not a legal entity in Maryland.  Adcor assumes that Plaintiffs intended to include Adcor Packaging Group, LLC, as defendant.

**II.     The assertion of bald legal conclusions does not overcome the three-year statute of limitations, which bars all of Plaintiffs' claims.**

Plaintiffs argue that the three-year statute of limitations, which has expired on all of Plaintiffs claims against Adcor, has been removed based on alleged acknowledgments made by Adcor in January and February of 2015 (Plaintiffs' Response, p. 10-12).   In Maryland, if a debtor acknowledges the existence of a debt to the creditor, the statute of limitations will be tolled to allow the creditor to collect any unpaid debt.   *See, e.g.*, *Mayor and Council of Federalsburg v. Allied Contracts, Inc.*, 275 Md. 151, 160-61 (1975).   In order for an acknowledgment to be sufficient so as to toll the statute of limitations, "the acknowledgment must be a clear, distinct, and unqualified admission.   The evidence of the acknowledgment must also be considered in its entirety, and the creditor cannot accept the admission and reject any qualification that might make the acknowledgment ineffective."[3]   *Id.* (*citing Doughty v. Bayne*, 222 Md. 361, 365 (1960)).

In support of this argument, Plaintiffs provide the Declaration of Kevin Brown ("Brown's Declaration").   (Plaintiffs' Exhibit J).   Plaintiffs refer to two supporting declarations made by Brown – both of which amount to bald legal conclusions.   (Plaintiffs' Exhibit J, ¶¶ 16-17).   Brown merely states that, in January of 2014, and again in February of 2015, "Adcor's Stravakis [*sic*] . . . affirmatively acknowledged that Adcor owed debts to Summit, Rudasill, and Bellavia for the loans issued to Adcor in February and March 2012."   (Plaintiff's Exhibit J, ¶¶ 16-17).   Plaintiffs

---

[3] Defendant is unable to find a case in Maryland where acknowledgment of a debt removed the statute of limitations *where there was no underlying written agreement* (e.g., promissory note), as is the case here.   *See, e.g.*, *Jenkins v. Carlton*, 329 Md. 510, 514 (1993) (involving a signed promissory note); *James v. Thurn*, 265 Md. 501, 502-06 (1972) (involving signed promissory notes); *Hall v. Barlow*, 260 Md. 327, 331 (1971) (involving a purchase money note); *Doughty*, 222 Md. at 364 (involving a signed promissory note); *Columbia Ass'n, Inc. v. Poteet*, 199 Md. App. 537, 552 (2011) (involving an instrument under seal); *Hansen v. Larsen*, 144 Md. App. 201, 205 (2002) (involving a signed promissory note).

cannot rely on these bare "labels and conclusions" in order to overcome dismissal based on the statute of limitations. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).[4]

In addition to containing mere legal conclusions, the information provided in Brown's Declaration contradicts other information provided by Plaintiffs. The court will not "'accept as true allegations that contradict matters properly subject to judicial notice or by exhibit.'" *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002) (*citing Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)). In his Declaration, Brown states that he had a telephone call with Mr. Stavrakis in January of 2014, during which Mr. Stavrakis allegedly "affirmatively acknowledged that Adcor owed debts to Summit, Rudasill and Bellavia." (Plaintiffs' Exhibit J, ¶ 16). However, on the last day of that same month, Plaintiffs' attorney stated, in writing, that Mr. Stavrakis had recently refused to answer Plaintiffs' calls regarding the loans. In a letter from Paul R. Tyndall, Plaintiffs' legal representative, to Mr. Stavrakis, dated January 31, 2014, Mr. Tyndall wrote: "In September 2013, we forwarded amended and restated loan documents to you for execution, but again, you have refused to execute and return the loan documents. *Most recently, you have refused to respond to telephone calls regarding these loans*." (Plaintiffs' Exhibit G, p. 4) (emphasis added). The statement from Brown's Declaration and the January 31, 2014 letter clearly contradict each other; neither should be accepted as true.

Finally, Brown's Declaration, which serves as Plaintiffs' sole support for their argument that Adcor acknowledged some debt to Plaintiffs aside from a series of *unsigned* loan documents,

---

[4] Brown also declares that Mr. Stavrakis "asked Summit to forego litigation regarding the loans and indicated Adcor's intent to sign loan documents on other occasions, including May 2012, May 2013, and September 2013." (Plaintiff's Exhibit J, ¶ 15). Even if what the Plaintiffs allege is accepted to be true and to be a sufficient acknowledgment, Plaintiffs' Complaint would still be time-barred. *See, e.g.*, *Ahmad v. Eastpines Terrace Apartments, Inc.*, 200 Md. App. 362, 373 (2011) (a debt acknowledgment that does not include "explicit language relating to a perpetual duration for the waiver . . . cannot effectuate a waiver of the statute of limitations in perpetuity").

is not in proper form and therefore is inadmissible.  In *Etienne v. Ameri Benz Auto Service LLC*, this Court looked to its Electronic Filing Requirements & Procedures for Civil Cases Manual to determine whether an affidavit bearing an "/s/" signature is proper.  No. PWG-14-2800, 2016 WL 1222569, *3-4 (D. Md. Mar. 9, 2016).  This Court concluded that "[a]n electronic version of the document bearing a "/s/" can be filed *along with a statement by counsel that he or she has a signed copy . . . .*"  *Id.* at *4.  Because the disputed affidavit in *Etienne* was signed "/s/" but did not include "a statement by counsel that he or she has a signed copy," it was inadmissible.  *Id.*  In Plaintiffs' case, Brown's Declaration is "signed" "*s/ Kevin Brown*" with no statement made by counsel, and is therefore also inadmissible.[5]  The fact that Plaintiffs' entire case is predicated upon unsigned documents, providing more unsigned documents to this Court for support that contradict their other exhibits and that are in contravention of this Court's procedural rules, simply should not be permitted or relied upon by this Court.

### III.     The Receiver cannot act as an agent for it's the Rudasill or Bellavia Trusts

The Receiver in this case was appointed because the SEC filed a Complaint against Kevin and George Brown and several entities they owned, managed, and/or controlled, including Summit Trust Company, alleging that these parties conducted a number of multi-million dollar offering frauds (Eastern District of Pennsylvania Case 2:15-cv-05843-JCJ).  With regard to Summit, the SEC Complaint specifically alleged that Summit engaged in unregistered offering of its preferred stock and defrauded its investors.[6]     If Summit, and or Mr. Brown, either defrauded OR

---

[5] The Declaration of Joseph Bellavia is in the same improper form as Mr. Brown's.  (Plaintiffs' Exhibit P).

[6] According to Exhibit A of Plaintiffs' Complaint in this case, Kevin Brown and Summit were to raise $12,500,000 from investors as part of the agreement that was allegedly breached by Adcor. This was during the same time-period that the SEC alleged in its Complaint that Summit Trust Company and the Browns used proceeds from investors as a Ponzi scheme and violated multiple

mismanaged the Bellavia or Rudasill trusts, it is unclear how there would not exist an irreconcilable conflict of interest in Summit, through its Receiver, representing two trusts that could be potential plaintiffs against Summit arising out of the same set of facts and circumstances that Summit has alleged in this case.[7]

Plaintiffs argue, "the factual basis supporting continuing agency relationships for the purposes of this action is more than obvious from the pleadings, where it is made clear that *Summit negotiated and administrated the loan agreements and the transfer of funds on behalf of Rudasill and Bellavia*." (Plaintiffs' Response at 14) (emphasis supplied). As the trustee of Rudasill and Belavia, Summit has certain fiduciary duties, including the duty to manage the trust property solely in the interest of the beneficiaries, the duty to administer the trust in good faith, and the duty to administer the trust "as a prudent person would, . . . by exercising reasonable care, skill, and caution."[8] Assuming, *arguendo*, the Plaintiffs' contentions are true, then Summit failed in its fiduciary duties to these two trusts and could be a possible defendant in this litigation to claims brought by the beneficiaries.

Further, Plaintiffs attempt to play both sides of the field with respect the representative capacity of the Receiver in this case. They argue on one hand that the Receiver is entitled to pursue this action on their behalf by virtue of the Receivership Order because the property of the Bellavia and Rudasill trusts are Receivership property. That same order suspends any authority for the trustees

---

federal statutes. (Case 2:15-cv-05843-JCJ). Plaintiffs concede that Adcor did not sign this agreement. (Complaint at ¶ 18).

[7] Particularly given the fact that counterclaims against all three entities now being represented by the same Receiver are likely in this case if this Court denies Defendant's Motion to Dismiss.

[8] 20 Pa. Cons. Stat. § 7774. It is not clear to Defendant whether Rudasill and Bellavia are Nevada trusts, Pennsylvania trusts, or neither. However, these duties are general and common to trustees across different states. *See, e.g.*, Nev. Rev. Stat. § 164.745(1) ("A trustee shall invest and manage trust property as a prudent investor would . . . . In satisfying this standard, the trustee shall exercise reasonable care, skill and caution.").

to act on behalf of their trusts with respect to Receivership property.  However, the Plaintiffs then support their argument with a Declaration by the alleged co-trustee of that trust in their official capacity as a trustee.  (Plaintiffs' Response, p. 14; Plaintiffs' Exhibit P).  Plaintiffs cannot have it both ways.  Defendant does not believe this action has been properly brought by Ricardo Zayas on behalf of the Rudasill and Bellavia Trusts.

### IV.   Plaintiffs have failed to allege facts sufficient to support a breach of contract claim.

Plaintiffs' claims against Defendant rest largely upon the breach of an alleged contract, or contracts, between the parties.  Before Plaintiffs can argue that defendants breached any contract, they must first demonstrate the *existence* of a contract.  In their Response, Plaintiffs point to the UCC-1 Financing Statements filed by Plaintiffs in May of 2012 as evidence thereof.  (Plaintiffs' Response, p. 7).  However, these Financing Statements were improperly filed without an underlying security agreement *authenticated by the debtor*, and therefore have no legal effect.[9] *See* Md. Code Ann., Comm. Law, § 9-203.

Plaintiffs also continuously refer to the alleged (and conclusory) "acknowledgments" made by Adcor.  (*See* Plaintiffs' Response, p. 7 ("Moreover, on several occasions after the loans were made, Defendant Adcor promised to sign restated loan documents and repay the loans in exchange for the Plaintiff Trusts' forbearance in filing an action for repayment of the loans.  See Complaint, Exhibit F; Exhibit J, ¶¶ 14-15.")).  As previously stated, the statements of Kevin Brown, contained

---

[9] Plaintiffs also allege that they "perfected first priority security interests in the intellectual property collateral of Adcor," but there never existed a security *agreement*, only Financing Statements.  "It is a well-established rule that, even though a security agreement can serve as a financing statement, a financing statement cannot serve as a security agreement."  *Genn v. CIT Corp.*, 40 Md. App. 516, 524 (1978) (*citing L & V. Co. v. Asch*, 267 Md. 251, 254 (1972)).  "[P]ursuant to § 9-203[], a security agreement [is] required in order for the security interest to be enforceable . . . ."  *Mid-Eastern Electronics, Inc. v. FNB of Southern Md.*, 455 F.2d 141, 146 (4th Cir. 1970).

in Exhibit J, which is improper form, directly contradict Plaintiffs' Exhibit G, and therefore should not be accepted as true.  *See Veney*, 293 F.3d at 730.  Plaintiffs' Exhibit F contains nothing more than the UCC-1 Financing Statements filed without an underlying security agreement signed by Adcor.  Even assuming, *arguendo*, that these Financing Statements were even authorized by Adcor, as required by Md. Code Ann., Comm. Law, § 9-510, the documents in no way support Plaintiffs' assertion that "on several occasions . . . Defendant Adcor promised to sign restated loan documents and repay the loans . . . ."  (Plaintiffs' Brief, p. 7).

Finally, Plaintiffs refer to "Exhibit H" in support of its argument that Adcor "sought the Plaintiff Trusts forbearance in filing suit to recover the funds" allegedly loaned.  (Plaintiffs' Response, p. 9).  Exhibit H is a letter from Michael J. Collins, a legal representative of Adcor, entitled "**FOR SETTLEMENT PURPOSES ONLY – NOT ADMISSIBLE FOR ANY PURPOSE**."  (Plaintiff's Exhibit H, p. 2).  Pursuant to Rule 408 of the Federal Rules of Evidence, "statements made during compromise negotiations" are "not admissible . . . either to prove or disprove the validity or amount of a disputed claim."

Plaintiffs claim that "the parties' communications and conduct at all times clearly establish a debtor-creditor relationship."  (Plaintiffs' Response, p. 7).   To the contrary, the record provided by Plaintiffs evidences unilateral efforts by Summit Trust, Rudasill, and Bellavia to goad Adcor into an agreement.  Without the existence of a contract there can be no contractual obligations; without contractual obligations, there can be no breach.  *See, e.g.*, *Taylor v. NationsBank, N.A.*, 365 Md. 166, 175 (2001).  Plaintiffs' claims sounding in the alleged breach of a contractual agreement should be dismissed.

**V.    All claims must be dismissed because Plaintiffs' Complaint makes no distinction between the alleged actions of Adcor Industries, Inc, and Adcor Packaging Group, Inc., and, instead, refers to them collectively throughout the Complaint, making a response from either impossible.**

Plaintiffs have included "Adcor Packaging Group, Inc." as a defendant in their Complaint and in their Response.  Defendant assumes Plaintiffs intended to include "Adcor Packaging Group, LLC" as a defendant, as Adcor Packaging Group, Inc. is not a legal entity in Maryland.  However, even if the proper entity/name was used, Plaintiffs' use the term "Adcor" throughout the Complaint to collectively address the actions of both entities.  Also in their Complaint, Plaintiffs allege that "the Parties negotiated a series of tranches of funds to Adcor and Adcor Packaging for the Defendant's commercial benefit."[10]  (Complaint, ¶ 11).  In their Response, however, Plaintiffs claim that Plaintiffs "loaned defendant Adcor Industries, Inc. over $500,000."  (Plaintiff's Response, p. 1).  Adcor does not admit that either statement is true, but it certainly is clear that *both* statements cannot be true, and therefore neither should be accepted as true by this Court.  *See, e.g.*, *Veney*, 293 F.3d at 730.

Throughout the Complaint, Plaintiffs also vaguely refer to "Defendants" and "Defendant" seemingly interchangeably.  (*See, e.g.*, Complaint, ¶ 16 ("The *Defendants* offered the personal assets of the *Defendant's* owner including his personal property and real estate to guarantee the loans.")) (emphasis added).  In Plaintiffs Response, however, Plaintiffs only refer to Adcor Industries, Inc., suggesting that any arguments Plaintiffs make in their Response pertain only to this Defendant.  Further, even if this Court accepts the statements in Brown's Declaration as true (Plaintiffs' Exhibit J), Brown states that he spoke with Mr. Stavrakis only as a representative of Adcor Industries, Inc., not as a representative of Adcor Packaging Group.  Plaintiffs' original

---

[10] It is not clear who Plaintiffs are referring to by the singular possessive term "Defendant's," since there are two named defendants in the Complaint.

Complaint and Response with supporting exhibits make clear that a case against either defendant lacks merit and Plaintiffs have failed to bring this action timely or properly and, therefore, should be dismissed with prejudice.

## CONCLUSION

Based on the failure to plead recognized causes of action, failure to state a claim and for filing beyond the applicable statute of limitations as detailed herein and in Defendant's original Motion to Dismiss, Plaintiffs' claims should properly be dismissed with prejudice.

Respectfully submitted,

_____//s//__Thomas M. Donnelly_____
Thomas M. Donnelly, Bar #26622
Law Offices of Thomas M. Donnelly, LLC
World Trade Center
401 E. Pratt Street, Suite 2415
Baltimore, Maryland 21202
Phone (410) 528-9200
Fax (410) 528-9203
tdonnelly@dmllclaw.com

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on __January 11, 2017__, a copy of the foregoing Reply to Plaintiffs' Response to Defendant's Motion to Dismiss or for Summary Judgment was filed on the Court's CM/ECF system, and was thus served electronically on all parties to this case.  I am not aware of any party who is *pro se* or has an attorney not registered with CM/ECF in this case.

_____//s//__Thomas M. Donnelly_____
Thomas M. Donnelly, Bar #26622