IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| RICARDO J. ZAYAS, RECEIVER AND AUTHORIZED AGENT FOR: | ) ) ) | |
| SUMMIT TRUST CO., | ) ) | |
| RUDASILL FAMILY CHARITABLE REMAINDER) ANNUITY TRUST | ) ) ) | |
| THE BELLAVIA FAMILY TRUST | ) ) | |
| **Plaintiffs,** | ) ) | CASE NO. 8-16-cv-03193-GJH |
| v. | ) ) | |
| ADCOR INDUSTRIES, INC. | ) ) | |
| **Defendant** | ) | |

**DEFENDANT ADCOR INDUSTRIES, INC.'S OPPOSITION TO PLAINTIFFS'
MOTION FOR SUMMARY JUDGMENT**

The Court should deny Plaintiffs' Motion for Summary Judgment ("Motion") regarding Defendant's ("Adcor") liability under Count II (Unjust Enrichment) of Plaintiffs' Amended Complaint. Plaintiffs' Motion ignores a previous ruling on this issue by this Court finding a dispute as to material fact in this case which would preclude summary judgment. Plaintiffs' argument also ignores relevant parts of the record which, when properly considered, demonstrate a genuine dispute of material fact regarding the timeliness of Plaintiffs' claim of unjust enrichment pursuant to Maryland law.

**FACTUAL BACKGROUND**

Plaintiffs allege that, in February and March of 2012, Summit Trust Company, the Rudasill Family Charitable Remainder Annuity Trust, and the Bellavia Family Trust (collectively,

1

"Plaintiffs") entered into loan agreements with Defendant, Adcor Industries, Inc ("Adcor"). On or about February 29, 2012, The Rudasill Family Charitable Remainder Annuity Trust transferred $145,292.40 to Adcor. On or about March 9, 2012, the Bellavia Family Trust transferred $172,800 to Adcor. On or about March 7, 2012, Summit Trust Company transferred $200,000 to Adcor. Plaintiffs allege that these transfers were made pursuant to the loan agreements between Plaintiffs and Adcor, but it is undisputed that there is not a single loan agreement or other contract signed by Adcor or a representative thereof. On May 10, 2012, and without Adcor's knowledge or consent, Plaintiffs each executed separate UCC-1 statements (collectively, the "UCC-1 Statements") with the Maryland Department of Assessments and Taxation ("SDAT"). These UCC-1 Statements allegedly perfected Plaintiffs' security interests in Adcor's intellectual property, including its patent portfolio, based on the alleged loans made from Plaintiffs to Adcor. Plaintiffs then waited over three years after making the alleged loans to bring suit against Adcor.

On or about September 19, 2016, Plaintiffs filed their Complaint, alleging Money Judgment, Declaratory Relief (Count I), Unjust Enrichment (Count II), Civil Conspiracy (Count III), Breach of Duties: Care, Good Faith and Fair Dealing, Declaratory Relief (Count IV), Breach of Contract (Count V) and Theft and/or Conversion (Count VI). Adcor filed a Motion to Dismiss, or, In the Alternative, Motion for Summary Judgment ("Motion to Dismiss") on or about November 15, 2016. One of Adcor's arguments in its Motion to Dismiss was that Plaintiffs did not bring suit within the three-year statute of limitations provided by Section 5-101 of the Maryland Code, Courts and Judicial Proceedings. Plaintiffs filed a Response thereto on or about December 28, 2016. Plaintiffs argued, in part, that Adcor, through its representative, had acknowledged the alleged debts owed to Plaintiffs within three years of the date the Complaint was served, thereby rendering the claims timely. On or about September 26, 2017, this Court

granted in part and denied in part Defendant's Motion to Dismiss, or, In the Alternative, Motion for Summary Judgment. Plaintiffs subsequently filed an Amended Complaint on or about October 8, 2017, this time alleging only Breach of Contract (Count I) and Unjust Enrichment (Count II).

In the subject Motion, Plaintiffs repeatedly assert that it is an undisputed fact that Adcor acknowledged the alleged debts owed to Plaintiffs. *See* Motion at 3 ("[I]n January, 2014, Defendant, through its authorized agent and office, Jimmy Stavrakis ("Stavrakis"), acknowledged the debts Defendant owed to the Plaintiffs and stated his intention to sign loan documents memorializing the loans. See Brown Dec., Ex. A, ¶¶ 14-16."); *id.* at 3-4 ("Stavrakis further repeatedly acknowledged Defendant's debts and its intention to repay them as witness in 2013, 2014 and more recently by a third party business consultant with a professional and social relationship with Stavrakis. See Affidavit of Michael Flatley Delmar, Ex. F, ¶¶ 2, 5, 6, 9. Most recently, in a face-to-face meeting with Kevin Brown in February of 2015, Stavrakis again acknowledged Defendant's debts. See Brown Dec., Ex. A, ¶ 17."). At his deposition, however, Stavrakis denied ever acknowledging any debt. *See* Exhibit A, Stavrakis Deposition Transcript, p. 94-95, 98-100 (denying acknowledging alleged debt(s)). This denial is also supported by affidavit. *See* Exhibit B, Stavrakis Affidavit at ¶ 4 ("I have not acknowledged any debt owed by Adcor to Summit Trust Company, Rudasill Family Charitable Remainder Annuity Trust or The Bellavia Family Trust at any time after June of 2012.").

**ARGUMENT**

Summary judgment should only be granted when there is no genuine issue as to any material fact, and the moving party is entitled to judgment in its favor as a matter of law. Fed. R. Civ. P. 56; *see also Hooven-Lewis v. Caldera*, 249 F.3d 259, 265 (4th Cir. 2001). A genuine issue as to a material fact exists if, based on the evidence that the parties present to the court, the finder

3

of fact, acting rationally and considering the record as a whole, could decide in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986); *see also Thompson Everett, Inc. v. National Cable Advertising, L.P.*, 57 F.3d 1317, 1323 (4th Cir. 1995). When considering the *entire* record in this case, and not solely the portions of the record that Plaintiffs presented in their Motion, it is clear that a genuine issue as to a material fact exists. Namely, the record demonstrates a genuine dispute regarding whether Adcor acknowledged any alleged debt(s) owed to Plaintiffs. This fact is material because without such acknowledgment, Plaintiffs' claims are barred by the applicable statute of limitations. As the Court of Special Appeals explained in *Doe v. Archdiocese of Washington*: "When the viability of a statute of limitations defense hinges on a question of fact . . . the factual question is ordinarily resolved by the jury, rather than by the court." 114 Md. App. 169, 178 (1997). Plaintiffs are, therefore, not entitled to judgment as a matter of law.

Adcor filed its Motion to Dismiss, or, In the Alternative, Motion for Summary Judgment ("Motion to Dismiss") on or about November 15, 2016 and Plaintiffs filed a Response thereto on or about December 28, 2016. As part of its Motion to Dismiss, Adcor argued that Plaintiffs' claims were barred by Maryland's three-year statute of limitations for civil actions. In their Response, Plaintiffs argued that the three-year statute of limitations "restarted" within three years of the filing of Plaintiffs' original Complaint based on alleged debt acknowledgments made by Mr. Stavrakis as a representative of Adcor. These alleged acknowledgments were supported by the improper Declaration of Kevin Brown, which Plaintiffs also attached to the subject Motion as Exhibit A. *See* Ex. A to Motion at ¶¶ 15-17 (declaring that Stavrakis acknowledged a debt owed to Plaintiffs in May 2012, May 2013, September 2013, January 2014 and February 2015). Adcor argued the impropriety of the deficient Declaration of Kevin Brown to support Adcor's Motion to Dismiss.

This Court granted in part and denied in part Adcor's Motion to Dismiss on or about September 26, 2017, permitting a proper Declaration of Kevin Brown to be supplemented after the fact. Specifically, this Court did not dismiss Plaintiffs' claims based on the statute of limitations, noting that it could construe the Plaintiffs' conflicting evidence in favor of Plaintiffs and that "***there remains a dispute of material fact as to whether Stavrakis ever acknowledged [Adcor's] debts***." Court's Memorandum, 9/26/17 at 9 (emphasis supplied). There *still* remains a dispute of material fact, as evidenced by the deposition and Affidavit of Stavrakis, and Plaintiffs are therefore not entitled to summary judgment.

Maryland Code, Courts & Judicial Proceedings § 5-101 provides: "A civil action at law shall be filed within three years from the date it accrues . . . ." Plaintiffs' unjust enrichment claim "is an equitable one but, because this cause of action is analogous to the legal remedies of breach of contract and conversion, the claim is barred if not brought within the applicable limitations period." *Llanten v. Cedar Ridge Counseling Ctrs., LLC*, 214 Md. App. 164, 171, *cert. denied*, 436 Md. 328 (2013). Barring any exception to the applicable three-year statute of limitations, Plaintiffs therefore had until February or March of 2015 to bring an unjust enrichment claim against Adcor, as this claim is based on alleged loan payments made from Plaintiffs to Adcor in 2012. However, Plaintiffs filed their original Complaint in September of 2016. Plaintiffs argued in their Response to Adcor's Motion to Dismiss, and again in the subject Motion for Summary Judgment, that a representative of Adcor acknowledged the alleged debt owed to Plaintiffs as recently as 2015, and thereby tolled the statute of limitations. *See, e.g.*, *Jenkins v. Karlton*, 329 Md. 510, 531 (1993) ("An acknowledgment of a debt can occur prior to the running of limitations, in which event, rather than removing the bar of limitations, it both tolls the running of limitations and establishes the date of the acknowledgment as the date from which the statute will now run.").

At his deposition and in his sworn Affidavit, both of which are part of the record that may be considered by this Court for summary judgment purposes, Stavrakis denies having acknowledged any debt owed to Plaintiffs.  *See* Ex. A, p. 94-95, 98-100 (denying acknowledging alleged debt(s)); *see also* Ex. B at ¶ 4 ("I have not acknowledged any debt owed by Adcor to Summit Trust Company, Rudasill Family Charitable Remainder Annuity Trust or The Bellavia Family Trust at any time after June of 2012.").  The record clearly reflects the existence of a question of fact as to the viability of the statute of limitations defense originally raised by Adcor in its Motion to Dismiss.  Because of this question of fact, Plaintiffs are not entitled to summary judgment.  *See Archdiocese of Washington*, 114 Md. App. at 178.

## **Conclusion**

Plaintiffs are not entitled to summary judgment on Count II of their Amended Complaint (Unjust Enrichment), as there still exists a dispute of material fact as to whether the count was brought within the applicable statute of limitations.  Plaintiffs' Motion for Summary Judgment should therefore be denied.

Respectfully submitted,

\_\_\_\_//s//\_\_Thomas M. Donnelly_____
Thomas M. Donnelly, Bar #26622
Law Offices of Thomas M. Donnelly, LLC
401 E. Pratt Street, Suite 2415
Baltimore, Maryland 21202
Phone (410) 528-9200
Fax (410) 528-9203
tdonnelly@dmllclaw.com

*Counsel for Defendant Adcor Industries, Inc.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 14, 2018, a copy of the foregoing Opposition to Plaintiffs' Motion for Summary Judgment and Proposed Order was filed on the Court's CM/ECF system, and was thus served electronically on all parties to this case. I am not aware of any party who is *pro se* or has an attorney not registered with CM/ECF in this case.

_____//s//__Thomas M. Donnelly_____
Thomas M. Donnelly, Bar #26622