UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND (Greenbelt Division)

| | |
|---|---|
| RICARDO J. ZAYAS, RECEIVER AND ) <br> AUTHORIZED AGENT FOR: ) <br> ) <br> SUMMIT TRUST CO., ) <br> ) <br> THE RUDASILL FAMILY CHARITABLE ) <br> REMAINDER) ANNUITY TRUST ) <br> ) <br> THE BELLAVIA FAMILY TRUST ) <br> ) <br> *190 Bethlehem Pike* ) <br> *Colman, PA 18915* ) <br> ) <br> **Plaintiffs,** ) <br> ) <br> v. ) <br> ) <br> ADCOR INDUSTRIES, INC. ) <br> *234 S. Haven St.* ) <br> *Baltimore, MD  21224* ) <br> ) <br> **Defendant.** ) | CASE NO. 8-16-cv-03193-GJH <br><br><br><br><br><br><br><br><br><br> JUDGE GEORGE J. HAZEL <br><br> MAGISTRATE JUDGE <br> GINA  L. SIMMS |

**REPLY TO DEFENDANT'S OPPOSITION TO
PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

**INTRODUCTION**

In its Opposition to Plaintiffs' Motion for Summary Judgment, Defendant Adcor Industries, Inc. ("Defendant") does not dispute that Plaintiffs have demonstrated that there is no issue of material fact remaining as to any element of Plaintiffs' unjust enrichment claims.  Instead, Defendant attempts to avoid summary judgment based only on a purely technical and spurious contention that a Maryland statute of limitations, Maryland Code, Courts & Judicial Proceedings § 5-101, bars Plaintiffs' claims.  This

contention fails because Defendant, through its express statements and conduct, has recently and repeatedly acknowledged its debts to Plaintiffs, thereby restarting the limitations period under Maryland law. Accordingly, Plaintiff's Motion for Summary Judgment should be GRANTED.

## ARGUMENT

The statutory limitations period has not run on Plaintiffs' claims because Defendant acknowledged its debts to the Plaintiff Trusts several times within the three years prior to the claims' filing, thus restarting the limitations period under Maryland law. In Maryland, a party's acknowledgement of a debt serves to restart the running of the statute of limitations with regard to the lender's claims to collect the acknowledged debt. As stated by the Court of Appeals of Maryland:

> The statute of limitations does not extinguish the debt; it bars the remedy only. Thus, Maryland law has long recognized that acknowledgement of a debt barred by limitations removes the bar to pursuing the remedy. <u>An acknowledgement, sufficient to remove the bar of limitations, need not expressly admit the debt, it need only be consistent with the existence of the debt.</u> Nor must it be an express promise to pay a debt; just as an express promise to pay a debt barred by limitations revives the remedy, "a mere acknowledgement of such a debt will remove the bar of the statute, because if the debtor acknowledges the debt it is implied that he promises to pay." An acknowledgement of a debt can occur prior to the running of limitations...in which event, rather than removing the bar of limitations, it both tolls the running of limitations and establishes the date of the acknowledgment as the date from which the statute will now run.

*Jenkins v. Karlton*, 329 Md. 510 at 531 (1993) (citations omitted) (emphasis added). In *Columbia Association, Inc. v. Poteet*, 199 Md. App. 537 (2011), the Maryland Court of Special Appeals noted that the rationale for a limitations period as to claims for

2

debts owed is based on a presumption of debt repayment. Thus the debtor's acknowledgment of the debt restarts the running of the limitations period.

> The Act of Limitations is predicated on the principle, that from length of time a presumption is created that the debt has been paid, and that the debtor is deprived of his proof by the death of his witnesses or the loss of receipts. It is the design of the Act of Limitations to protect and shield debtors in such a situation; and consistent with this principle and this view, the decisions have been made, that the acknowledgment or admission of the debtor will take the case out of the Act of Limitations, because if the money is still due and owing, the defendant has not suffered from lapse of time, nor has any inconvenience resulted to him therefrom.
>
> * * *
>
> <u>The Act of Limitations was never intended to prevent the recovery of debts really due</u>, but to protect persons from old claims when the evidence of their discharge, from length of time was supposed to have been lost.

*Columbia Association Inc.*, 199 Md. App at 557-58 (quoting *Barney v. Smith*, 4 H. & J. 485, 495-96 (1819) (emphasis added)). A party's statements <u>or</u> its conduct alone may be sufficient to constitute an effective acknowledgment of debt. <u>See</u> *Columbia Association* at 560 (citing *Barney*, 4 H. & J. at 495).

In this case, Defendant's statements <u>and</u> conduct, both independently and together, conclusively demonstrate its acknowledgment of its debts to Plaintiffs within the three-year limitations period prior to the filing of the instant case. For instance, in January, 2014, Defendant, through its authorized agent and officer, Jimmy Stravakis ("Stravakis"), acknowledged the debts Defendant owed to the Plaintiffs and stated his intention to sign loan documents memorializing the loans. <u>See</u> Declaration of Kevin Brown, former President of Summit Trust Company, Ex. A attached to Plaintiffs' Motion for Summary

Judgment (hereinafter "Brown Dec."), ¶¶ 14-16. Stravakis also stated at that time that Plaintiffs should prepare loan documents for him to sign. See *id*., ¶¶ 15-16. In accord with Stravakis' acknowledgment and request, Plaintiffs prepared and presented restated loan documents for his signature. Id.,¶ 15; see also Restated Loan Documents, Ex. E attached to Plaintiffs' Motion for Summary Judgment.

Stravakis further repeatedly acknowledged Defendant's debts and its intention to repay them as witnessed in 2013, 2014 and more recently by a third party business consultant with a professional and social relationship with Stravakis. See Affidavit of Michael Flatley Delmar, Ex. F to Plaintiffs' Motion for Summary Judgment, ¶¶ 2, 5, 6, 9. Most recently, in a face-to-face meeting with Kevin Brown in February of 2015, Stravakis again acknowledged Defendant's debts. See Brown Dec., Ex. A attached to Plaintiffs' Motion for Summary Judgment, ¶ 17. Indeed, it was Stravakis himself who sought to arrange the February, 2015 meeting with Brown in order to settle the ongoing matter. See E-mails of Mike Aiello to Kevin Brown, Ex. H attached to the instant reply memorandum. (Mike Aiello had frequent communications with Jimmy Stravakis and was one of Adcor's contacts together with Mr. Levin in soliciting the wired loans from Summit)

Thus, Defendant Adcor acknowledged the loans by both express statements and conduct. Per the Maryland Court of Appeals in *Jenkins, supra*, "[a]n acknowledgement, sufficient to remove the bar of limitations, need not expressly admit the debt, it need only be consistent with the existence of the debt." See 329 Md. at 531. For example, it is undisputed that revised loan documents were prepared and presented for Stravakis' signature in February of 2014, after the negotiations between Stravakis and Brown in

4

January, 2014.  See Brown Dec., Ex. A attached to Plaintiffs' Motion for Summary Judgment, ¶ 17; Restated Loan Documents, Ex. E attached to Plaintiffs' Motion for Summary Judgment.  Further, it is undisputed that Defendant proactively sought to meet with—and indeed did meet with—Brown in February, 2015 to settle the matter between them.  See Brown Dec., Ex. A attached to Plaintiffs' Motion for Summary Judgment, ¶ 17; E-mails of Mike Aiello to Kevin Brown, Ex. H attached to the instant reply memorandum.  Defendant's statements and actions are undeniably "consistent with the existence of the debt."  See *Jenkins*, 329 Md. at 531.  Any claim that Defendant did not owe or acknowledge the debts to Plaintiffs is rebutted by the sheer breadth of the evidence to the contrary. Defendant's words and actions thus constitute acknowledgments that are sufficient "to remove the bar of the statute, because if the debtor acknowledges the debt, it is implied that he promises to pay." See *Jenkins* at 531 (citation omitted). Indeed, because Defendant repeatedly acknowledged its debts to Plaintiffs, by its express statements and conduct, within the three-year limitations period prior to the filing of Plaintiffs' claims, those claims are not time-barred.

## CONCLUSION

There is no dispute or question of fact that Plaintiffs have carried their burden of proving all the elements of their unjust enrichment claims.  It is plainly inequitable for Defendant to reap the unearned windfall of over $500,000 transferred to them by Plaintiffs and for which they gave literally nothing in return.  Defendant's assertion of a statute of limitations defense fails because of its repeated acknowledgments of its debts to Plaintiffs within the three-year period prior to the filing of the claims.  Any assertion that Defendant did not acknowledge its debts to Plaintiffs by its words and conduct is

overwhelmed by the weight and breadth of evidence to the contrary.  As the court stated in *Columbia*, *supra*, "[t]he Act of Limitations was never intended to prevent the recovery of debts really due." See 199 Md. App at 558.  Indeed, Defendant's debts are really due and they are not time-barred.  Accordingly, Plaintiffs' Motion for Summary Judgment as to their claims for unjust enrichment should be GRANTED.

Respectfully Submitted,

Askinazi Law & Business, LLC


By:

s/ *William F. Askinazi*
William F. Askinazi
12054 Palatine Ct.
Potomac, MD  20854
301-540-5380
Bar #: 12522

and

Montgomery McCracken Walker & Rhoads LLP
 Natalie Ramsey (*pro hac vice*
admission to be requested)
1235 Westlakes Drive, Suite 200
Berwyn, PA  19312
610-889-2232
Bar #:

*Attorneys for the Plaintiffs*